We'll move to the second case of the day. United States versus Rex Hopper appeal number 20-1162. Um, I see both Miss Christensen and Mr Norwood, uh, familiar faces to everyone on this court. Both of you. Uh, even if we haven't been in the same room for a while. Um, Miss Christensen, would you like to proceed? Yes, Your Honor. Thank you. Good morning, Your Honors. May it please the court. My name, of course, is Joanna Christensen, and I represent the appellant Rex Hopper in this matter. The threshold issue in this case comes down to the scope of remand, and I have a feeling that's what we're primarily going to be talking about today. The remand order in this court's previous opinion, which this court is very familiar with, since I believe all three of you sat on the prior case, was for the sentencing to address both the By relevant conduct, the court necessarily concerned concluded or I'm sorry, included drug types. And in Mr Hopper's case, that means the difference between methamphetamine and ice methamphetamine. The district court thought the purity issue was at issue in the sentencing. He allowed Mr Hopper to raise a pro se objection, despite the fact that his attorney said that he wasn't going to raise it. The court considered the objection and the law is what it is. And at that time, perhaps the law was what it was. It is no longer, however, in August of 2020, shortly before Mr Hopper's brief was due, this court held in Carnell that the purity issue is not like crack versus powder cocaine, that it is a mathematical calculation rather than a circumstantial evidence issue. Of course, in Mr Hopper's case, he went to trial, so there's a significant amount of evidence about what the users and sellers and law enforcement officers thought that this product was. However, that's not enough after Carnell to hold Mr Hopper accountable for ice methamphetamine. Miss Christensen, I think you would agree that in order for Carnell to have any applicability here, given the law that the issue of the type of drug would have had to be within the scope of the limited remand. I think so. And I my argument is that the remand referral to relevant conduct opens that up. Now, this court probably was not aware that Carnell was in the pipeline when it decided the first Hopper case. But when it did, this court did not just remand for recap. I'm sorry to interrupt. That wouldn't have mattered on the first remand, though, because that wasn't an issue, right? It wasn't an issue. So now that the case law is there, the court applies the case law in effect. At the time, Mr Hopper made what I consider a layman's argument about the purity. His understanding was, is that he had been convicted of a mixture at trial and was being held accountable, um, on a finding the jury didn't make. Now we know that us that are dealing with this every day that that's not necessarily the right framing of the issue. But it is the issue. The purity issue. He was concerned that he was being held accountable for a purity that had not been proven. This court then said, how looking at the remand order, we remanded with the language that the resentencing should be based on the recalculation of Mr Hopper's relevant conduct. So how, given that language, do you think the type of drug involved in the relevant conduct would fall within that? So we did say resentencing based on recalculation and relevant conduct, which you would have a different argument if that language had been used. But it was recalculation of Mr. Hopper's relevant conduct. Right. And relevant conduct in drug cases is always going to involve the amount and the type of drug. Because the guidelines make these differentiations between types of drugs. But a calculation, the language calculation suggests amount. Sure, type. Sure. And purity then becomes an amount issue because of what the government can prove and cannot prove. The government did prove about four grams of the 1.17 kilograms that Mr Hopper was ultimately ultimately responsible for was ice methamphetamine that was presented at trial. The government asserted in its brief that it could also prove an additional 75 grams was ice of methamphetamine. That, of course, did not come up. And perhaps because Mr Hopper's objection was not enough to key the court or the parties in on this specific issue. But it was enough certainly to talk about the calculation issue because the converted drug weight changes depending on how much ice and how much mixture is involved in the case. Ms. Christianson, I know from being on the district court and getting remands for sentencing that the first questioned the parties in the court has to determine is what's the scope of the remand. Do you have suggestions for for what the court should do to to make that clear in future cases? I think I think I would have a much more difficult argument maybe no argument at all is that if this court had not said relevant conduct if it had said just recalculation based on the error between the double counting error essentially of double counting to witnesses drug amounts. And I think that this is always an issue you know there when it does go back for remands lawyers are interpreting issues the way for their client. I'm not sure there's an absolute way to deal with that. It does bring me to the second issue of course is that there are courts of appeals that see remands differently and the 11th Circuit in Burke which is the criminal history issue is basically says a vacator in the 11th Circuit wipes the slate clean. Now that's one way to deal with it. Then there's no question everything's up for grabs perhaps except for what's already been litigated in the court of appeals. But that brings us to criminal history. The government makes the argument that I am making a general remand argument and I'm certainly not. I'm making a limited remand argument but my view is that that is calculation of quantity and relevant conduct but does not include criminal history. I understand you to be saying you at least ought to win one of these issues if not both. Of course I think I should win both your honor. I always think I should but even if I do win one it should go back for resentencing because either way Mr. Hopper's guideline level changes and the district court did give him the same sentence but if I win both on these issues it could go down to as low as 121 months which is a significant difference in his sentence. Does it matter that the one point was not objected to the criminal history additional point wasn't objected to so we look at it for plain error? Yes so that one is plain error I have not and that was not objected to and it does come down to plain error because of the potential the potential lowering of the guideline range and if I am successful with both arguments and without the government's additional 75 grams it's an offense level of 32 criminal history category of one and that's 121 to 151 months. Mr. Hopper is serving a 235 month sentence so that certainly affects his substantial rights as many guideline miscalculations are going to under Molina Martinez in the Supreme Court. Is his residential burglary sentence still stayed? Yes I checked last night and according to the docket I can see online it is still stayed nothing has changed since I put the links in my in my opening brief. So you're not running the risk right now that it would be higher if it's sent back? You know I know defense counsel made that argument that it could possibly be higher if it goes back I think I think it really does come down to Ticciarelli and the prior sentence interpretation at that point. If this court agrees with me about the criminal history obviously then we don't you know it doesn't matter in the district court. If it sends back for a full remand then that is an issue that will probably have to be litigated again in the district court. So I see that I'm in a rebuttal unless there are further questions I don't want to cut anybody off I'll save the remainder of my time. Thank you Ms. Christensen. Mr. Norwood the government. I can't hear you Mr. Norwood I don't know if you're on mute doesn't look like it but I can't hear you. We can't hear you. Just one second. We're not hearing you. They're working on it here. Norwood can you hear me? Okay can you go to the bottom of the box where you have your mute button and just go to the up arrow and make sure that the correct headset is. We can't hear you. If not then you're gonna have to dial in and can you hear me now? Yes. Okay and I appreciate the assistance of your IT person. We count on them all the time for all kinds of help. Thank you Mr. Norwood. Go ahead. May it please the court. I think the everyone's aware of what the issue is the scope of the remand. I would point the court to language in the first Hopper case right above the conclusion of the case. It was at the end of the section on relevant conduct and it's right above the conclusion the last paragraph. The last line says the parties must present their drug quantity calculations to the district court to consider in the first instance on remand. The drug quantity calculations. This is a this is sort of unusual case because this court and it's in its first opinion calculated the relevant conduct down to one half of a gram. The amount was one thousand one hundred and seventy five point five grams. That was in the government's opinion and I believe the district court's opinion a clear directive that this is the quantity of relevant conduct to be applied in this case. The issue as to the type of relevant conduct was or the type of drug was never at issue. Mr. Norwood the district court said something that I'm quoting. The issue as to whether the nature of the substance being ice methamphetamine as well as the two-point enhancement has previously been expressly or impliedly decided by the from your honor I believe it's from the opinion because the opinion referred to it as methamphetamine ice throughout the opinion there was no there was no dispute at that time there was no objection at that time as to what the type was the first appellate attorneys raised very good arguments on a number of issues but not the drug type and therefore the government's position is that is waived this is a limited remand and that argument is now waived in this appeal I think you know reading this court's opinion it's hard to it's hard for the government to say the district court was in error for literally following this court's direct instructions to determine relevant conduct and I believe the court's opinion even refers to it as methamphetamine ice the 1175 grams of methamphetamine ice so the government said a loss to say how is the district court at air for following this courts instructions literally to the literally to the letter if that's right how can you prevail on the criminal history issue the criminal history issue the timing of it is very interesting after he was sentenced in federal court the first time the next day he went into state court and pled guilty to the residential burglary and was sentenced the government there was no issue to raise that at the initial sentencing therefore the government believes it can raise it now the guidelines say a prior sentence is and I want to get the language correct a prior sentence is any sentence previously imposed upon an adjudication of guilt whether for by guilty plea trial or plea of no low contendory for conduct not part of the instant offense the residential burglary was clearly not part of this instant offense and it was a sentence prior to the reason I understand the argument but if the remand was as limited as you suggest why was it appropriate to reopen the issue of criminal history because I still think the judge has a duty to determine accurate advisory guideline range and okay suppose that that would suggest though than that any issues would be open including drug type right well I disagree judge because those issues have been resolved the criminal history was an issue that could not have been before the district court at the original sentencing the the additional point here could not have been and I think I mean if mr. say mr. Hopper went to federal prison between the first sentence in this case now and it's in his resentencing and he committed a murder in prison and was convicted and sentenced to a lengthy time to say the district judge must ignore that those criminal history points I don't think is very is a very sound policy that wants to defend in a sentence he can commit any future crimes between his original sentence and any resentencing and that can't be included in his criminal history calculation there seems a bit of unfairness if you can it for the limited remand you can look at just the calculation of the guidelines are not just that but both things that kind of work against the defendants arguments here I understand I lost my law professors would knock us upside the head if we talked about fairness this is this is a situation where this was not available to be raised it was just not available to be raised at that time and I understand the we lost judge Hamilton if you hold on one moment would you thank you hello you're back hello judge can you hear me I'm not sure what happened there I know that my screen everybody froze and then I'm my screen went blank sorry lawyer mentioned fairness that's what happened we froze that we start the clock as soon as you dropped so okay I the my screen froze at 528 that was the number that I I saw and mr. Norwood was talking about the the criminal history issue if we could back up maybe put the clock at six minutes and we'll we'll just improvise a little bit I apologize for whatever happened I'm not sure mr. Norwood I was I was asking you about the the criminal history issue and what I was about to ask you when when when I lost contact was the risk of in essence double counting in criminal history when we have this kind of sentence one sentence two and then a resentencing on sentence one where in essence both in and in both sentences each takes account of the of the other you follow me I understand judge I guess the government's position is the district courts evaluation of the defendants relevant factors as far as criminal history rehabilitation all that I don't think necessarily stops at the first if we get away from the guidelines that's a pretty powerful argument it seems to me that you know under 3553 a at a minimum whether whether you're talking about an intervening murder in prison or perhaps a heroic act of self sacrifice in saving another prisoner from being murdered those would both seem to me to be factors that the judge could consider upon resentencing but I don't know how the guideline calculations would work well I'm your honor I I think the language of the guidelines and I've cited some cases I think the language of the guidelines is clear that any sentence should come and I will admit if this sentence occurred before the first sentencing and the government failed to consider it and failed to catch it then the government probably waived the argument but this occurred after the first sentencing and government had no way to address it I your honor I just think it should be included I guess my my fallback argument if you disagree with that would be a one of basically harmless error even if that criminal history point had not counted his range would be 188 to 235 months judge Gilbert is twice sentences defendant to 235 months once when it was the middle once when it was I believe the middle of the guidelines and once when it was once when it was the low end of the guidelines and once when it was the middle of the guidelines a sentence of 235 months would still fall within a range of 188 to 235 months and so that would be my fallback argument but I do you get around the Supreme Court's directive on that fallback argument that if a dissentant if a defendant is sentenced using the wrong guideline calculation the error itself can and most often will be sufficient to show a reasonable probability of a different outcome absent the error so it's it goes I understand first of all I don't think it's an error but let me yeah is there anything here in other than the fact that it was the same sentence but is there anything in what the judge said suggesting that even if the guideline calculation was inaccurate he would give the same sentence I I do not think in a sentencing judge Gilbert made that alternative statement I don't believe you did your honor I mean this is actually a very interesting case because of the two issues and how they interplay with each other however the government still believes it was a limited remand and it prevails on the criminal history based on the plain language of the questions I'll be more than glad to answer them otherwise I have nothing further and I'll rely on my brief thank you mr. Norwood thank you for your patience with my glitches technically miss Christensen any rebuttal yes your honor actually the court made many of the points I was going to make on rebuttal so certainly this can always be considered under 3553 a so if he did have a prior can or an intervening conviction that could be considered by the court I believe even on a limited remand although we haven't touched exactly on that issue in our briefs this burglary case was pending at the time that mr. Hopper was sentenced the first time and actually had been pending for some time at that point so it was considered by the court it was in the pre-sentence report under pending cases it also received a sentence that's completely concurrent once it's unstayed to the federal sentence and the federal to the argument or the statement that the district court found that this court had found the purity was ice based on the language in the opinion and of course that's what everybody referred to it or a lot of people referred to it and certainly in the first opinion they did refer to it as ice I think under our old assumption that it can be like a crack versus powder and if the users and that that's not true this court can't make factual findings so whether it's ice or a mix is a factual finding the district court has to make this court also cannot make factual findings as to amount the comment that there was 1.17 kilograms is simply adding up what was in the record at the time if the double counting of the two amounts was taken out so I certainly don't take that as a I also note that this court sent it back for recalculation of that amount the parties could present evidence certainly thinking that the parties would present that evidence in addition to the relevant conduct issue I see that I'm out of time thank you if I could this Christian said if I could ask you one question I mean relevant conduct in drug cases often includes drug quantities that are never confiscated and are never available for testing is in this case that that seems to be the case we have lots of you say we've got witnesses talking about it as ice the government has another 75 grams that's still available for testing but do you think any untested methamphetamine could qualify as ice under the guidelines the way they're set up now and what should we do if this were to go back and the 75 grams test out at you know 98 99% purity the way those two much smaller samples did wouldn't it be reasonable at that point to infer that everything mr. Hopper was selling was pure I certainly understand this court's conundrum and I and the Cornell case hinted at that didn't decide how we're going to make these calculations now and I spent time thinking about it so if we have a 75 grams in the foreground 79 grams that's still just 79 grams over well over a thousand that the government can conclusively maybe I don't know about the 75 grams but let's say conclusively say is ice the X the extrapolation to a thousand and some grams is a huge extrapolation so then the question becomes whether this court can rely on users sellers law enforcement to extrapolate up in this case I don't think the evidence is there because of the testimony at trial that some of this was mixed with candle wax wasn't good quality mr. Hopper never admitted to selling ice although he did admit to selling methamphetamine to at least one police officer that's that's an issue I think that'll have to be litigated if it is a remaining 800 and some grams of methamphetamine that cannot be tested because as my clients would say it's ghost oh so turn before but that's the problem we have what's essentially untestable and then this mathematical formula that's got to be found so unless the court has further questions okay thank you thanks to both counsel the case will be taken under advisement